## JOSEPH BALDWIN vs. JOHN B. HILDRETH.

A declaration in slander, which alleges that " the defendant publicly, falsely and maliciously accused the plaintiff of the crime of larceny, in words substantially as follows, " He is a thief," is bad for not showing that the words were spoken of the plaintiff.

SLANDER. " And the plaintiff says the defendant publicly, falsely and maliciously accused the plaintiff of the crime of larceny, in words substantially as follows, ' He is a thief.' " The defendant demurred to the declaration, as stating no legal cause of action, because it contained no allegation that the words " He is a thief " were spoken of or concerning the plaintiff, or that they were spoken by the defendant. The superior court of Suffolk overruled the demurrer, and the defendant appealed.

*A. Russ*, for the defendant, cited 1 Stark. Sland. 384; 1 Saund. 242, note; *Barrows* v. *Bell*, 7 Gray, 301; *Millard* v. *Baldwin*, 3 Gray, 486; *Codding* v. *Mansfield*, 7 Gray, 272.

*J. W. May*, for the plaintiff. To " accuse " a person " in words " is, *ex vi termini*, to use the words of and concerning that person; and, whether spoken or written, is a cause of action.

SHAW, C. J. Brief as a declaration in slander may now be, it must set forth slanderous words, spoken, written or published by the defendant, directly about or respecting the plaintiff, and " by means thereof" accusing the plaintiff, or imputing to him a particular offence. The slander consists in speaking words " about," or " respecting," or (which is the familiar and technical mode of statement) " of and concerning " the plaintiff. The word " accused " the plaintiff, by certain words, is not equivalent to an averment that the defendant spoke them of the plaintiff. Even the form prescribed in the practice act, *St.* 1852, *c.* 312, has the words publicly accused the plaintiff, &c., " by words spoken of the plaintiff, substantially as follows."

*Demurrer sustained.*